WALDEMAR J. LACH v. JAMES J. CAHILL ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 13—decided December 18, 1951

*R. Graeme Smith,* for the appellants (defendants).

*Joseph J. Trantolo,* for the appellee (plaintiff).

BALDWIN, J.   The plaintiff sues to recover a deposit he made with one of the defendants upon a written agreement to purchase a house belonging to the other. The trial court concluded that the agreement never came into existence because it was subject to a condition which had not been fulfilled.   It rendered judgment for the plaintiff for the return of the deposit and the defendants appealed.

The finding, which is not subject to correction, discloses the following facts: On November 10, 1949, the plaintiff signed an agreement with the defendant Cahill, acting through his agent, the defendant Rabbett, to purchase Cahill's house in Windsor Locks for $18,000 and paid a deposit of $1000.   A few days later Cahill also signed the agreement and accepted the deposit.   The contract contained the following provision: "This agreement is contingent upon buyer being able to obtain mortgage in the sum of $12,000.00 on the

premises, and have immediate occupancy of the premises." The conveyance was to be made by warranty deed within thirty days after acceptance of the agreement by the seller.

The plaintiff had been a practicing attorney for a little more than one year, was married and the father of three small children. Rabbett knew the financial position of the plaintiff and that he contemplated a bank mortgage payable in instalments over a reasonable period of time. On November 14, the plaintiff applied to the First National Bank of Windsor Locks for a $12,000 mortgage, which was denied. Thereafter, in the period up to November 21, he unsuccessfully applied for a mortgage loan at five different banks and loaning institutions. He was informed that the banks in Hartford were not interested in placing loans on outlying property. He conferred with the federal housing administration examiners, who advised him that although he was a veteran his income did not meet the requirements for an F. H. A. guaranteed loan. Rabbett informed the plaintiff not later than November 18 that Cahill was definitely not interested in a purchase money mortgage. On December 1, the plaintiff wrote to Cahill that he was unable to secure a mortgage in the amount of $12,000 and requested the return of the deposit. On December 5, Cahill by letter offered to take back a purchase money mortgage payable on demand or to obtain a mortgage from another person, but he specified no terms. The plaintiff had already made a deposit on another house in Newington.

The decisive issues in the case are whether the ability of the plaintiff to secure a $12,000 mortgage was a condition precedent to his duty to perform his promise to purchase and whether he made a reasonable effort to secure the mortgage. Unless both questions are answered in the affirmative the plaintiff cannot recover.

A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. *McIsaac v. Hale,* 104 Conn. 374, 379, 132 A. 916; *McFarland v. Sikes,* 54 Conn. 250, 251, 7 A. 408; 3 Corbin, Contracts, § 628 at p. 515, § 629; 5 Page, Contracts (2d Ed.) § 2586; Restatement, 1 Contracts § 250. A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. 3 Corbin, Contracts, § 633. If the condition is not fulfilled, the right to enforce the contract does not come into existence. *Bialeck v. Hartford,* 135 Conn. 551, 556, 66 A. 2d 610; *Sheketoff v. Prevedine,* 133 Conn. 389, 393, 51 A. 2d 922; *Fischer v. Kennedy,* 106 Conn. 484, 490, 138 A. 503; *Webb v. Moeller,* 87 Conn. 138, 141, 87 A. 277; 3 Williston, Contracts (Rev. Ed.) § 675; Restatement, 1 Contracts § 257. Whether a provision in a contract is a condition the nonfulfilment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract. *New Haven Sand Blast Co. v. Dreisbach,* 102 Conn. 169, 180, 128 A. 320; *Sugrue v. Champion,* 128 Conn. 574, 577, 24 A. 2d 890; 3 Corbin, Contracts, p. 544; 5 Page, Contracts (2d Ed.) § 2579.

The plaintiff was a young man of limited means, just starting in his profession and under the necessity of finding a home for his wife and their three small children. He required a mortgage payable in reasonable instalments over a period of time if he was to complete the prospective purchase of Cahill's house. The court properly concluded that the language used, read in the light of the situation of the parties, expressed an intention that the plaintiff should not be held to an agreement to purchase unless he could secure a mortgage for

$12,000 on reasonable terms as to the amount and time of instalment payments.

The condition in the contract implied a promise by the plaintiff that he would make reasonable efforts to secure a suitable mortgage. *Webb* v. *Moeller,* supra; *Leventhal* v. *Stratford,* 121 Conn. 290, 297, 184 A. 587; 3 Corbin, Contracts, p. 207. The performance or nonperformance of this implied promise was a matter for the determination of the trial court. The conclusion reached upon the facts was proper. *Chinigo* v. *Ehrenberg,* 112 Conn. 381, 384, 152 A. 305; see *M. Shapiro & Son Construction Co.* v. *Battaglia,* 138 Conn. 238, 244, 83 A. 2d 204.

There is no error.

In this opinion the other judges concurred.