LIONEL LUTTINGER ET AL. *v*. CHARLES E. ROSEN ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 6—decided November 1, 1972

*Samuel J. Bernstein,* for the appellants (defendants).

*Peter J. Weissman,* for the appellees (plaintiffs).

LOISELLE, J. The plaintiffs contracted to purchase for $85,000 premises in the city of Stamford owned by the defendants and paid a deposit of $8500. The contract was "subject to and conditional upon the buyers obtaining first mortgage financing on said premises from a bank or other lending institution in an amount of $45,000 for a term of not less than twenty (20) years and at an interest rate which does not exceed 8-½ per cent per annum." The plaintiffs agreed to use due diligence in attempting to obtain such financing. The parties further agreed that if the plaintiffs were unsuccessful in obtaining financing as provided in the contract, and notified the seller within a specific time, all sums paid on the contract would be refunded and the contract terminated without further obligation of either party.

In applying for a mortgage which would satisfy the contingency clause in the contract, the plaintiffs relied on their attorney who applied at a New Haven lending institution for a $45,000 loan at 8¼ percent per annum interest over a period of twenty-five years. The plaintiffs' attorney knew that this lending institution was the only one which at that time would lend as much as $45,000 on a mortgage for a single-family dwelling. A mortgage commitment was obtained for $45,000 with "interest at the prevailing rate at the time of closing but not less than 8-¾%." Since this commitment failed to meet the contract requirement, timely notice was given to the defendants and demand was made for the return of the down payment. The defendants' counsel thereafter offered to make up the difference between the interest rate offered by the bank and the 8½ percent rate provided in the contract for the entire twenty-five years by a funding arrange-

ment, the exact terms of which were not defined. The plaintiffs did not accept this offer and on the defendants' refusal to return the deposit an action was brought. From a judgment rendered in favor of the plaintiffs the defendants have appealed.

The defendants claim that the plaintiffs did not use due diligence in seeking a mortgage within the terms specified in the contract. The unattacked findings by the court establish that the plaintiffs' attorney was fully informed as to the conditions and terms of mortgages being granted by various banks and lending institutions in and out of the area and that the application was made to the only bank which might satisfy the mortgage conditions of the contingency clause at that time. These findings adequately support the court's conclusion that due diligence was used in seeking mortgage financing in accordance with the contract provisions. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645. The defendants assert that notwithstanding the plaintiffs' reliance on their counsel's knowledge of lending practices, applications should have been made to other lending institutions. This claim is not well taken. The law does not require the performance of a futile act. *Vachon* v. *Tomascak,* 155 Conn. 52, 57, 230 A.2d 5; *Tracy* v. *O'Neill,* 103 Conn. 693, 699, 131 A. 417; *Janulewycz* v. *Quagliano,* 88 Conn. 60, 64, 89 A. 897.

The remaining assignment of error briefed by the defendants is that the court erred in concluding that the mortgage contingency clause of the contract, a condition precedent, was not met and, therefore, the plaintiffs were entitled to recover their deposit. "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance." *Lach* v. *Cahill,* 138

Conn. 418, 421, 85 A.2d 481. If the condition precedent is not fulfilled the contract is not enforceable. *Lach* v. *Cahill,* supra; *Bialeck* v. *Hartford,* 135 Conn. 551, 556, 66 A.2d 610. In this case the language of the contract is unambiguous and clearly indicates that the parties intended that the purchase of the defendants' premises be conditioned on the obtaining by the plaintiffs of a mortgage as specified in the contract. From the subordinate facts found the court could reasonably conclude that since the plaintiffs were unable to obtain a $45,000 mortgage at no more than 8½ percent per annum interest "from a bank or other lending institution" the condition precedent to performance of the contract was not met and the plaintiffs were entitled to the refund of their deposit. Any additional offer by the defendants to fund the difference in interest payments could be rejected by the plaintiffs. See *Lach* v. *Cahill,* supra, 420. There was no error in the court's exclusion of testimony relating to the additional offer since the offer was obviously irrelevant.

There is no error.

In this opinion the other judges concurred.