[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court bifurcated the trial of this case, which commenced with the plaintiffs' application to confirm what they characterized as an arbitration award. In the memorandum of decision issued after the first part of the trial, the court found that the parties, other than Selma Milgrim, met to discuss resolving their disputes concerning separation of their business interests and sale of certain real estate by way of a negotiated settlement which they would denominate an arbitration agreement. The court has found that Selma Milgrim never agreed, either in person or by any authorized representative, to the proposed settlement nor to the format of an ersatz arbitration award, and that she did not waive her right to have the disputes resolved by an actual arbitration. As to her, the court finds that there was no arbitration award and the application to confirm is accordingly denied. CT Page 6169
The plaintiffs take the position that because Sidney Milgrim signed the agreement (Ex. E) setting forth the terms of the so-called arbitration award dated October 25, 1989, there is an award as to him and as to the corporate entities on behalf of which he signed, and that this arbitration award should be confirmed as to those who signed Exhibit E. (The plaintiffs did not establish that certain handwritten conditions on pages 3 and 4 of the exhibit were part of the document when Sidney signed it. The court finds that they were not, and that they were added in an attempt at redrafting after Selma refused to sign).
All defendants seek a declaratory judgment declaring that the document dated October 25, 1989, which the plaintiffs seek to enforce as an arbitration award, is null and void. Sidney and the corporate defendants have withdrawn the second count of their counterclaim, which sought a determination as to certain funds held in escrow.
The court finds the facts to be as follows. At the time that Sidney Milgrim and Monroe Meyerson met with their attorneys and with Arthur Sachs to try to resolve their disputes, they contemplated a resolution that would bind all parties. Attorney Sachs testified unequivocally that the intent and assumption of all of the participants was that the device of creating an "arbitration award" was to be binding only if all the parties to the original separation agreement agreed to be bound. Sidney Milgrim testified that he had the same understanding as to the agreement, that is, that he and the corporations for which he signed would not be bound unless both his wife and his brother-in-law also agreed to the arrangement. Because he and Meyerson were in Connecticut and Selma was in Florida, Sidney agreed to sign first, with the hope that his wife would also agree. His signature did not, in the context of the negotiation and the result the parties sought to achieve, constitute an agreement to be bound whether or not Selma signed.
No witness testified as to any intention that the arrangement was to be binding on some parties even if others refused to be bound, and the court finds that the nature of the transactions at issue in the settlement/arbitration award makes any such intention most unlikely. Selma Milgrim was a 25% owner of the businesses the assets of which were being divided. She and Sidney were living separately and experiencing marital difficulties. It is not to be expected that in such circumstances Sidney meant to take on obligations and make concessions that would be subject to attack by Selma by virtue of her continuing right to actual arbitration of the disputes pursuant to paragraph 13.02 of the underlying separation agreement (Ex. A).
The court finds that the agreement to waive actual arbitration CT Page 6170 and agree to terms that would be enforceable as an arbitration award was contingent upon agreement by all necessary parties and that there was no severable, enforceable agreement as to Sidney Milgrim and the corporate defendants because this condition was not fulfilled.
The issue of intent to agree is a question of fact for the trier. Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 397 (1976). Where agreement is subject to a contingency, the agreement is not enforceable if the contingency does not occur. Luttinger v. Rosen,164 Conn. 45, 47 (1972); Lach v. Cahill, 138 Conn. 418, 421 (1951).
Since the condition to enforceability of the agreement was agreement by all parties, and since Selma's agreement was not secured, there was no agreement binding upon Sidney and the corporate defendants, but only a failed attempt to achieve an efficient resolution of the disputes. Since Sidney and the corporate defendants were not bound by the agreement to waive actual arbitration and to treat the document dated October 25, 1989 as an arbitration award, there was no arbitration award within the terms of 52-417 C.G.S., and the application to confirm is therefore denied as to all defendants.
Judgment shall enter in favor of the defendants as to their claim for a declaration that the document dated October 25, 1989 is null and void and of no force and effect. In view of the court's determination that there was no arbitration award, Count Three of Sidney Milgrim's counterclaim is moot.
The defendants shall recover their court costs.
Beverly J. Hodgson Judge of the Superior Court