[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs bring this action by amended complaint for breach of a real estate contract and unjust enrichment. They seek return of their deposit. They seek damages and attorney's fees.
The defendants have answered and filed three "special defenses" claiming (1) the retention of the deposit is under the agreement's liquidated damage clause; (2) plaintiffs failed to diligently try to get a mortgage under the mortgage contingency clause; and (3) attorney's fees are not recoverable under the agreement.
Facts
Defendants put their house in Suffield, Connecticut (Suffield house) on the market for sale prior to June 30, 1988. They then engaged in negotiations with plaintiffs for the sale of that house. Meanwhile defendants entered a contract to purchase a new house in West Suffield (West house). They closed on the West house on July 20, 1988. Three days later on July 23, 1988, plaintiffs and defendants entered into a contract (the CT Page 2619 Contract) for plaintiffs to purchase the Suffield house for $295,000.00. Plaintiffs gave a $20,000.00 deposit by paying $5,000.00 on that day and $15,000.00 on July 27, 1988. Plaintiff Jeffrey L. Kline was employed at that time and had no reason to believe he would not be so employed in the future. Plaintiff Judith L. Kline was not employed.
The Contract was subject to a satisfactory (1) engineering report and (2) termite inspection to be completed by August 5. These were completed and the plaintiffs were informed of the potential of a serious structural problem. An extension was granted and the problem was solved by August 12, 1988.
The Contract also contained a mortgage contingency clause providing that if plaintiffs could not obtain a conventional 30 year mortgage at "prevailing rate" by September 15, 1988, plaintiffs would be entitled to the return of their deposit.
It is not unreasonable to wait for the resolution of structural questions before making mortgage applications. Upon the resolution of their structural questions, plaintiffs contacted several banks but felt the interest rates were too high. In late August 1988, they called Enfield Federal Savings and Loan Association (Enfield). Plaintiffs were pre-approved for a mortgage by Enfield and they made an appointment for September 2, 1988 to go to Enfield to sign a mortgage application. On September 2, plaintiffs met with the Enfield president who said there would be no problem with the loan and that the loan committee would meet soon. On September 12, the loan was approved, subject to employment verification. Plaintiff was still employed at that time and still had no reason to suspect he would not continue to be so employed in the future. On the same day, plaintiff was involuntarily terminated from his employment. The next day, September 13, 1988, plaintiff notified his real estate agent of his employment situation and requested him to inform the defendants and their agent. On September 13, plaintiff went to Enfield and notified it he had no job. He was told that his loan would be rejected. Plaintiff received a written rejection on September 14, 1988 and notified both agents in writing of his inability to obtain a mortgage.
Defendants then informed plaintiffs that their efforts in trying to obtain the mortgage were inadequate and therefore plaintiffs were in breach of the Contract. Pursuant to the liquidated damage clause of the Contract, defendants said they were retaining the entire deposit.
The court finds that the plaintiffs made reasonable efforts to secure a mortgage to finance an investment of CT Page 2620 $295,000.00. It is reasonable that the individuals would take time and investigate different lenders to find a favorable mortgage. The most conclusive evidence of plaintiff's reasonable efforts is the fact that a mortgage application to Enfield was actually approved by that bank, subject to the employment verification, before the September 15, 1988 deadline. That application would have been unconditionally approved had plaintiff's employment not been terminated.
Law
Under the terms of the Contract getting a $215,000.00 mortgage was a condition precedent to the enforcement of the contract. If a condition precedent is not fulfilled the contract is not enforceable. Lach v. Cahill, 138 Conn. 418, 421. In this case, the condition precedent was not fulfilled as the mortgage was never gotten. The failure to get the mortgage was thru no fault of plaintiffs.
The court has read into that condition in the Contract an implied promise by the buyers that they make reasonable efforts to secure a suitable mortgage. Id. The plaintiffs did make such efforts.
Defendants are obligated to return the deposit. Under the Contract plaintiffs were entitled to the return of that deposit if after reasonable efforts a mortgage was not obtained. A mortgage was not obtained, and therefore defendants were in breach when they refused to return the deposit.
Because plaintiffs did not breach the Contract defendant's claim that the liquidated damages clause justified retention of the deposit must fail.
Damages
Due to defendant's breach, plaintiff is entitled to the return of the deposit of $20,000.00.
Plaintiffs did not sustain their burden of proof in regard to any damages to Jeffrey L. Kline's law practice.
As to the claim for attorney's fees, the plaintiffs have advanced no theory for their award and therefore they are denied.
Under section 37-3a an award of interest on a judgment in a civil action is allowed. The decision to award interest is primarily an equitable determination and a matter within the discretion of the trial court. Nor'easter Group, CT Page 2621 Inc. v. Colassale Concrete, Inc., 207 Conn. 468. In this case the court finds that there was an issue of fact as to whether plaintiff made reasonable efforts in obtaining the mortgage. Therefore, even though the retention of the deposit by defendants was wrongful, it was not malicious or unreasonable under the circumstances. Accordingly, the court denies plaintiff's request for an award of interest.
Judgment for the plaintiffs of $20,000.00 with costs.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT