[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10351
The plaintiff brings this action seeking a judgment of foreclosure of its mortgage on property owned by the defendants known as 220 Helen Street, Hamden. The parties disagree whether the plaintiff gave notice of default to the defendants in compliance with the terms of the mortgage deed. This issue was tried to the court. All other issues in the foreclosure were severed and deferred pending the court's decision on the notice issue.
The mortgage at issue is a printed form of mortgage which is approved for use by agencies of the federal government. All of paragraph nineteen, which is entitled "Acceleration; Remedies," is printed in bold type. It is the only paragraph of the mortgage which is printed in bold type. Paragraph nineteen reads in part:
 Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower; by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration . . . and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full. . . .
(Emphasis added)
CT Page 10352 The default notice required by this paragraph sets forth four clear facts, each of which is in logical progression.
On December 9, 1991 the plaintiff sent the defendants a letter from plaintiff's office in Clearwater, Florida. The defendants received the letter on December 13. The letter purported to comply with the provisions of paragraph 19 of the mortgage, but the defendants contend it was deficient in two respects. The letter failed to "specify . . . a date . . . by which the default must be cured . . ." as required by paragraph 19 (c) of the mortgage and it further failed to "specify . . . that failure to cure the default on or before the date specified in the notice may result in acceleration . . . and foreclosure or sale of the Property," as required by paragraph 19 (d) of the mortgage. The plaintiff argues that the letter substantially complied with paragraph 19 of the mortgage and further argues that the defendants have not shown that they suffered any prejudice from any deficiency in the notice.
There is no dispute that written notice is mandatory. Paragraph nineteen begins "Lender shall give notice to Borrower prior to acceleration . . ." (Emphasis added.) The significance of proper notice is emphasized in two ways. First, the entire text of paragraph nineteen is printed in bold type, the only paragraph which is so printed. Secondly, the plaintiff's ability to accelerate the debt is expressly conditioned on the giving of the notice and the borrowers' failure to cure the default "on or before the date specified in the notice . . ." The giving of proper notice is therefore a condition precedent to the plaintiff's option to accelerate the debt.
 A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence.
Lach v. Cahill, 138 Conn. 418, 421 (1951).
The plaintiff argues that the statement in the letter which reads "This is your thirty (30) day notice to reinstate your loan" satisfies the requirement that the notice specify a date by which the default must be cured. The court is not persuaded that this contention is correct. The clear, express wording of CT Page 10353 paragraph nineteen requires the plaintiff to "specify a date." No date is specified here. Moreover, such a notice must be "clear and unequivocal." INB Banking Co. v. Opportunity Options, Inc., 598 N.E.2d 580, 584 (1992).
Given that the lender was located in Florida and that the letter was not received by the defendants here in Connecticut until four days after it was mailed, it is not clear and unequivocal from the letter when the thirty days would expire — whether it was thirty days from mailing or thirty days from receipt. The letter is also deficient for failing to explicitly state that failure to cure on or before the specified date may result in acceleration and foreclosure. Although the letter made reference to acceleration and to foreclosure, these events were not expressly connected in the letter to the failure to cure by a specific date. The December 9, 1991 letter from the plaintiff to the defendants did not comply with paragraph nineteen of the mortgage in these two material respects.
The defendants argue that the plaintiff is precluded from taking judgment in this foreclosure action because of these deficiencies in the default notice. The plaintiff contends that because foreclosure is an equitable action, the plaintiff should not be barred from taking judgment. It is of course true that foreclosure is equitable in nature. Boretz v. Segar, 124 Conn. 320,323-324 (1938); INB Banking Company v. Opportunity Options, Inc., supra at 584. It is also true that foreclosure is "an extraordinary and drastic remedy. . . ." Id. The court finds that the plaintiff's failure to give proper notice of default in compliance with paragraph nineteen of the mortgage bars the plaintiff from acceleration of the debt and from judgment of foreclosure. The importance of a proper notice of default is emphasized by the printing of paragraph nineteen in bold type. In addition, paragraph nineteen expressly conditions the plaintiff's right of acceleration of the debt on the borrower's failure to timely cure after the notice of default is given. The plaintiff therefore has made the giving of proper notice a condition precedent to acceleration. Because proper notice was not given, the plaintiff cannot exercise its contractual right to accelerate and foreclose. Lach v. Cahill, supra at 421. Although there are few cases in any jurisdiction deciding this exact point, the cases which are found generally hold against the mortgagee when the mortgagee has failed to give proper notice. (The cases cited by the defendants in their brief address notices of acceleration rather than notices of default, but the reasoning CT Page 10354 is certainly analogous.) INB Banking Company v. Opportunity Options, Inc., supra, is a case where the lender failed to give proper notice of default. The appeals court upheld the trial court's denial of foreclosure, finding that the notice was inadequate and that the trial court did not abuse its equitable discretion by denying foreclosure. Although the plaintiff contends that the defendants have not demonstrated any prejudice as a result of the defective notice, the plaintiff has not cited any authority to the court for the claim that prejudice to the borrowers is the overriding consideration.
Judgment is entered for the defendants.
Vertefeuille, J.