[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, The North American Bank Trust Company, brings a complaint to foreclose a mortgage against property formerly owned by the late Lucio F. Lionetti. The action seeks to enforce the terms of a note and mortgage against the fiduciaries of the estate and the trustees of the trust to which the subject property would pass according to the last will and testament of the decedent.[1] The State of Connecticut is a named defendant as it may claim an interest in the premises for any succession tax that may become due. CT Page 8502
The plaintiff alleges that the note and the mortgage are in default and the debt from which this action arises is in excess of $307,000. The plaintiff has demanded payment in full as provided for in the note. The defendants filed a Disclosure of Defense raising as a defense the plaintiff's alleged non-compliance with paragraph 17 of the mortgage, which provided certain notice requirements in foreclosing on the mortgage.
The plaintiff then filed a motion for summary judgment based on the breach of the note and mortgage agreement, and appropriately submitted a memorandum in support of its motion with affidavits, and pertinent documents. The defendants objected and similarly submitted pertinent documentation. There then began a flurry of supplemental memorandum exchanged between the parties, both before and after oral argument.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
 A.
The defendants argue that the court should deny the motion for summary judgment because the plaintiff failed to obtain the court's permission to file a motion for summary judgment as required by Practice Book § 379. Practice Book § 379 provides that a "party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial."
Though the plaintiff claimed this case to the trial list, it has not been placed on the assignment list or assigned for trial. Therefore, the court may rule on the motion for summary judgment.
B.
CT Page 8503
The defendants further contend that the plaintiff is not entitled to summary judgment because it did not comply with the notice requirements set out in the mortgage. The parties dispute the notice requirements. The plaintiff contends that the note is a demand note, and that therefore no notice is required.[2] If this action were solely governed by the terms of the note, then the defendants have waived their right to notice of the present action by the plaintiff to enforce the note.
The defendants argue, however, that the notice requirements of the mortgage set out in paragraph 17 control the procedure for a foreclosure by the plaintiff. The plaintiff counters that if the provisions of the mortgage do control, paragraph 16, and not paragraph 17, dictates the notice requirements.
"[a] contract is to be construed as a whole and all relevant provisions will be considered together . . . . A contract must be interpreted to effectuate the intent of the parties, as determined by the language used by the parties, the circumstances surrounding the transaction, and the purpose the parties sought to accomplish . . . ." (Citations omitted; internal quotation marks omitted.) Tremaine v. Tremaine, 34 Conn. App. 785, 789,643 A.2d 1291 (1994). "A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State[,] action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit . . . ." (Citations omitted; internal quotation marks omitted.) Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579,591, 441 A.2d 593 (1981). The court must also examine the mortgage provisions to determine the entire agreement between the parties. The plaintiff focuses on construing the notice requirements of paragraph 16 of the mortgage as providing the proper notice requirements.[3]
Paragraph 16 of the mortgage states "If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinated to this Mortgage, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, or (c) the grant of any leasehold interest of three years or less not containing any option to purchase, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. CT Page 8504 Borrower will continue to be obligated under the Note and this Mortgage unless Lender releases Borrower in writing. If Lender, on the basis of any information obtained regarding the transferee, reasonably determines that Lender's security may be impaired, or that there is an unacceptable likelihood of a breach of any covenant or agreement in this Mortgage, of if the required information is not submitted, Lender may declare all of the sums secured by this Mortgage to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof."
The defendants argue that paragraph 17 controls the notice requirements in foreclosing the mortgage. Paragraph 17 states: "[e]xcept as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and foreclosure or sale of the property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or another defense of Borrower to acceleration and foreclosure or sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may invoke any of the remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees."
"[I]nterpretation of an agreement [by a court] is a search for the intent of the parties. . . . A contract is to be CT Page 8505 construed [by the trier of fact] according to what is fairly to be assumed to be the understanding and intent of the parties." (Citations omitted; internal quotation marks omitted.) A. Dubreil Sons, Inc. v. Lisbon, 215 Conn. 604, 610, 577 A.2d 709 (1990). "Although ordinarily the question of contract interpretation being a question of the parties' intent, is a question of fact . . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted.) Levine v.Massey, 232 Conn. 272, 277, ___ A.2d ___ (1995).
Paragraphs 16 and 17 mandate certain notice requirements. Paragraph 16 suggests that the lender needs to request certain information from the borrower. Paragraph 17 provides that the lender "prior to acceleration shall give notice to Borrower as provided in paragraph 12. . . ." (Emphasis added.) The affidavits and documentary evidence proffered by the plaintiff fails to demonstrate compliance with either provision.
Compliance with the provisions of the mortgage is a condition precedent to a foreclosure. "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." Fortune Savings Bank v. Thibodeau,7 Conn. L. Rptr. 611 (November 17, 1992, Vertefeuille, J.), quoting Lach v.Cahill, 138 Conn. 418, 421, [85 A.2d 481] (1951).
The plaintiff contends that the defendants had actual notice of the default and that, moreover, the intent of the parties was not to strictly enforce the notice requirements of the mortgage. See, e.g., Source One Mortgage Services v. Schwartz, Superior Court, judicial district of Middlesex, Docket No. 068700 (December 8, 1994, Aurigemma, J.). However, since compliance with the provisions of a mortgage is a condition precedent to a foreclosure; Fortune Savings Bank v. Thibodeau, supra,7 Conn. L. Rptr. 611; and since "summary judgment is particularly inappropriate . . . where . . . the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings; Town Bank and Trust Co. v. Benson, 176 Conn. 304,309, 407 A.2d 971 (1978); the plaintiff's motion for summary judgment is denied.
So Ordered. CT Page 8506
D'ANDREA, J.