[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM of DECISION RE: MOTION TO STRIKE (#137)
The plaintiff, Dime Savings Bank of N.Y., filed a revised, two-count complaint on December 13, 1995, against the defendants, John DiMenna and M. Lynn DiMenna, alleging breach of an agreement and a note. John DiMenna filed a motion to strike (#137) the revised complaint on April 19, 1995, arguing that an express condition precedent had not been fulfilled. The plaintiff filed a memorandum in opposition on April 26, 1996.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
CT Page 8764 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The complaint alleges that the defendants entered into an agreement with the plaintiff whereby the plaintiff would release a security interest on the defendants' property and the defendants were to pay $400,000 to the plaintiff, and owe an additional $45,241.48. This agreement was signed by both parties. The agreement contained a condition that both defendants sign a promissory note and confession of judgment for the remaining $45,241.48. The complaint alleges that the defendants have refused to pay the additional amounts, and that Lynn DiMenna did not sign the promissory note. The second count alleges that John DiMenna is liable under the note and confession of judgment.
The defendant, John DiMenna, argues that because Lynn DiMenna did not sign the promissory note and confession of judgment, the contract cannot be enforced. The plaintiff responds that the condition was a condition precedent to its performance of release of the security interest. The plaintiff, however, fully performed under the contract, and Lynn DiMenna's failure to execute the note and judgment does not invalidate the agreement.
The agreement provides, "Dime's agreement to accept the Discounted Pay Off is expressly conditioned upon your signing (a) a note in favor of The Dime in the amount of $45,241.48 which note shall be payable in full on 12/1/96 and (b) a confession of judgment with respect to the note." (Complaint, Exhibit A, ¶ 5).
"A `conditional promise' may be defined as `a promise so qualified that a duty of immediate performance will not arise until some condition exists or will cease after some condition exists.' A condition may qualify the duty of immediate performance of one party or of both parties to the contract." 5 Williston on Contracts § 666 (1961). See also Lach v. Cahill,138 Conn. 418, 421, 84 A.2d 481 (1951). "If the condition is not fulfilled, the right to enforce the contract does not come into existence. . . . "Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties." Lach v. Cahill, supra. "The construction of a contract is usually a question of fact because the interpretation of its language is a search for the intent of the parties." Foley v. Huntington Co., 42 Conn. App. 712, 730, CT Page 8765 ___ A.2d ___ (1996). Questions of fact are not appropriately decided on a motion to strike. Furthermore, if "[t]he condition plainly is for the benefit of the vendor and hardly less plainly for his benefit alone. . . the condition may be insisted upon or waived at his choice." Williston, supra, § 664.
The condition in this case clearly qualified Dime's performance, but whether the condition was solely for the benefit of Dime and whether Dime waived the condition, or whether the condition also qualified the defendants' performance are all questions involving contract interpretation and the intent of the parties, and are not appropriately decided on a motion to strike. Accordingly, the motion to strike is denied.
RYAN, J.