[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiffs, John and Nancy Slitz, bring this action against the Defendant, Pyramid Custom Home Corporation of Connecticut, claiming in the First Count of the Revised Complaint dated November 8, 1996, that the parties entered into two separate written agreements on December 12, 1995. The first such agreement (herein referred to as the "Land Contract") was for the sale by the Defendant and purchase by the Plaintiffs of certain real estate identified as Lot #6, Kimberly Court, Ridgefield, Connecticut. The second such agreement (herein referred to as the "Construction Contract") called for the construction by the Defendant of a house for the Plaintiffs on the said Kimberly Court real estate.
In accordance with the terms of the said agreements, the Plaintiffs paid to the Defendant a deposit of $26,000.00 on the Land Contract and a deposit of $47,000.00 on the Construction Contract for a total deposit of $73,000.00.
The Plaintiffs allege that the Land Contract was contingent or conditioned upon the Defendant obtaining all necessary and required permits for construction by December 15, 1995. The Plaintiffs allege further that the Construction Contract was CT Page 7680 contingent upon the closing of the Land Contract. In the said First Count of the Complaint, the Plaintiffs allege that the Defendant failed to obtain all of the necessary and required permits for construction by December 15, 1995 and as a result thereof the Plaintiffs on January 4, 1996 terminated the agreements and request the return their deposits. The Plaintiffs allege that despite repeated demand for the same, the Defendant has refused to return the said deposits.
In the Second Count of the said Revised Complaint, the Plaintiffs asserts that as an inducement to the Plaintiffs to enter into the said Land Contract and the said Construction Contract, the Defendant, through its President, made certain representations to the Plaintiffs, upon which the Plaintiffs relied, which representations the Defendant knew, or should have known, were false.
The Third Count of the said Revised Complaint is a C.U.T.P.A. claim and asserts that the Defendant engaged in unfair and deceptive acts or practices in the conduct of its business with the Plaintiffs in that the Defendant made certain representations to the Plaintiffs, upon which the Plaintiffs relied, which representations the Defendant knew, or should have known, were false and in that the Defendant wrongfully retained the Plaintiffs' deposit money.
The Defendant has filed an Answer leaving the Plaintiffs to the proof of their claims. The Defendant has also asserted two Special Defenses. In the first Special Defense, the Defendant claims that the Plaintiffs waived the construction permit contingency clause of the Land Contract, inter alia, by requesting in writing on December 15, 1995 that the mortgage contingency clause as set forth in said Contract be extended to December 20, 1995. In the Second Special Defense the Defendant asserts a defense that the Construction Contract by its very terms indicates that time is not of the essence of said Contract.
The Defendant has also filed a two count Counterclaim asserting in the First Count thereof that the Plaintiffs have breached the Construction Contract and that the Defendant is therefore entitled to retain the $26,000.00 deposit as liquidated damages. In the Second Count of the said Counterclaim the Defendant asserts that Plaintiffs failed to perform under the Construction contract and that as a result thereof, the CT Page 7681 Defendant has suffered additional damages.
The Plaintiffs have denied the Defendant's Special Defenses and have answered the Defendants Counterclaim by admitting some of the allegations therein and by denying other of the allegations therein.
Having carefully considered all of the evidence submitted at trial including the testimony of witnesses at trial and the Court's assessment of the credibility of those witnesses and having further considered the arguments of counsel made both during the trial and in the post-trial briefs of the parties, the Court make the following findings:
1. The parties in this matter entered into two separate and distinct Contracts. The first such Contract (the "Land Contract") was a Contract for the sale and purchase of certain real estate identified as Lot #6, Kimberly Court, Ridgefield, Connecticut. In accordance with the terms of the Land Contract, the Plaintiffs paid $26,000.00 to the Defendant as a deposit on the Land Contract.
2. The second such Contract (the "Construction Contract") was a Contract for the construction by the Defendant of a house for the Plaintiffs on the said Kimberly Court real estate. In accordance with the terms of the Construction Contract, the Plaintiffs paid $47,000.00 to the Defendant as a deposit on the Construction Contract.
3. The Land Contract, by its express terms, was contingent upon the Defendant obtaining by December 15, 1995, all of the necessary and required permits for the construction of the house. The Land Contract was a conditional contract.
4. The Construction Contract, by its express terms, was contingent upon the closing of title to the Kimberly Court real estate in accordance with the terms of the Land Contract. The Construction Contract was a conditional contract.
5. The Construction Contract further provided that construction would commence "on or about December 15, 1995" and would be completed approximately five and one half months later or "on or about" May 30, 1996."
6. Time was not of the essence as to either the Land CT Page 7682 Contract or the Construction Contract.
7. The Defendant was aware of the desire of the Plaintiffs to move into their new house by mid-May or early June of 1996 so as to coincide with the end of the Plaintiffs' then-existing residential lease.
8. The Plaintiffs directed that their attorney closely monitor the progress of the permit application process and the Plaintiffs themselves went to the Town Hall to monitor the progress of the permit application process between the time that the Contracts were executed and the time that the Contracts were canceled by the Plaintiffs.
9. The Defendant had not, as of December 15, 1995, obtained all of the necessary and required permits for the construction of the house.
10. During the period of time between the time that the Contracts were executed and the time that the Plaintiffs canceled the Contracts, the Plaintiffs made several attempts to contact the president of the Defendant corporation to discuss the issue of the permits and the prospect of completing the construction of the house within the time period contemplated by the parties but the calls of the Plaintiffs were not returned.
11. On January 4, 1996, at the direction of the Plaintiffs, the Plaintiffs' attorney FAXED a notice to the Defendant's attorney advising that the Plaintiffs were canceling the Contracts and were requesting the return of the $73,000.00 in deposit money.
12. Following receipt of the January 4, 1996 FAX from the Plaintiff's attorney, the President of the Defendant corporation sought to meet with the Plaintiffs and, in fact, did meet with the Plaintiffs at the Ridgefield Coffee Shop in an attempt to salvage the transaction and reinstate the contracts. Notwithstanding the fact that discussions were held between the parties at the Ridgefield Coffee Shop that included discussions involving possible revisions to the architectural plans for the house and discussions involving delays that were caused as a result of the unusually harsh winter weather, no agreement was reached between the parties at that time to proceed with the Contracts for either the purchase of the land or the construction of the house. CT Page 7683
The law is clear concerning the circumstances necessary to require the performance of a conditional contract. "If the condition is not fulfilled, the right to enforce the contract does not come into existence." Feinberg v. Berglewicz,32 Conn. App. 857, 860 (1993).
The requirement that the Defendant obtain by December 15, 1995, all of the necessary and required permits for the construction of the house, as set forth in Paragraph 12c of the Land Contract, was a condition precedent to the Plaintiffs' and Defendant's right to expect further performance of the Land Contract. The Supreme Court in Lach v. Cahill, 138 Conn. 418,421, 85 A.2d 481 (1951) stated "[a] condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance." citing, Mclsaac v.Hale, 104 Conn. 274, 379, 132 A. 916; McFarland v. Sikes,54 Conn. 250, 251, 7 A. 408; 3 Corbin, Contracts, 628 at p. 515, 629; 5 Page, Contracts (2d Ed.) 2586; Restatement, 1 Contracts 250.
In addition, "[w]hether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract." Lach, supra at 421.
The language of the Contracts in the instant matter is clear. The Contract for Sale was contingent upon the Defendant acquiring all necessary and required permits for construction on the property by December 15, 1995, the Construction Agreement was contingent upon the Plaintiffs purchasing the land, and the Defendant was aware of these contingencies when the contracts were executed.
In fact, the President of the Defendant corporation testified that he knew it was impossible on December 12, 1995, when he executed the Contracts, to satisfy the permit contingency by the December 15, 1995 date. Despite knowing of this impossibility, he nevertheless executed both Contracts and thereafter never requested an extension of time to satisfy the permit contingency.
In the absence of a "time is of the essence" clause, the law CT Page 7684 imposes a reasonable time to perform. Lach, supra. What constitutes "a reasonable amount of time to perform" is a question to be answered by the trier of fact. Christophersen v.Blount, 216 Conn. 504, 582 A.2d 460 (1990). What is reasonable under the circumstances presented in this matter must be answered based upon the intent of the parties as is set forth in the Contracts and the facts and circumstances surrounding the negotiation of the Contracts.
The Plaintiffs and Defendant here confirmed that the construction of the home would take between five and one half (5 1/2) months and six (6) months to complete after the Defendant acquired all the necessary and required permits. The testimony established that acquiring all the permits by December 15, 1995 would allow the Defendant sufficient time, 5 1/2 months to 6 months, to complete the home by the scheduled closing date of May 30, 1996. There is no question that the Defendant knew and agreed to the Plaintiffs' timetable and there is equally no question that the Defendant was further aware of the importance of the timetable to the Plaintiffs and the need to have the house completed by the end of May 1996 or the beginning of June 1996.
Considering all of the facts and circumstances surrounding the negotiation of the Contracts here, this Court concludes that the Defendant did not satisfy the condition to obtain all of the required permits within a "reasonable time". It was therefore not unreasonable for the Plaintiffs to terminate the Contracts and demand the return of their deposits. The Plaintiffs are therefore entitled to a return of the $73,000.00 in deposits held by the Defendant.
Accordingly, judgment may enter for the Plaintiffs in the amount of $73,000.00 on Count One of the Complaint. The Plaintiffs have failed to sustain their burden with respect to Second and Third counts of the Complaint and on said Count, judgment may accordingly enter in favor of the Defendant. The Defendant has failed to sustain its burden with respect to the two counts of the Counterclaim. Accordingly, judgment may enter for the Plaintiffs on both Counts of said Counterclaim.
The Court makes no award of attorneys fees.
BY THE COURT
CT Page 7685
CARROLL, J.