[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs herein, Guido and Elizabeth Romagna, have brought this action against the defendant Daniel Witkins seeking the return of a real estate deposit in the total amount of $7300.00.
Expressing an interest in purchasing real estate located at 174 River Road in the City of Shelton, the plaintiff executed a binder of sale for said property in August 1997. For whatever reason, the contract itself was not signed until sometime around October 24, 1997.
The closing date set forth in the contract was to be January 6, CT Page 237 1998. The closing did not take place on that date and the evidence does not disclose any reason for the closing not to have taken place. Attached to the contract and made a part of paragraph 30 were several contingencies which the contract was made subject to. Item Number 2 subjected the contract to the following: "Septic system and/or public sewer hookup to the satisfaction of the buyer". (see plaintiff's Exhibit 1).
On March 16, 1998, the plaintiffs received from their excavator an oral estimate for the sewer hookup of $12,740.00. Following the receipt of the estimate the plaintiffs through their attorney did on March 17, 1998 notify defendant's counsel that the cost of the sewer hookup was not to their satisfaction and requested the return of their deposit.
While time is ordinarily not of the essence in transactions involving real property, the court must consider whether the conduct of the plaintiffs was reasonable under the factual circumstances of this case.
In the case of Phillipe v. Thomas, 471, 473, the Appellate Court held in a case involving a mortgage contingency in a real estate contract that "courts in Connecticut imply a promise that the purchaser will exert reasonable efforts to obtain a mortgage commitment" (internal citations omitted).
In the case before us we are dealing with the issue of whether the plaintiffs acted reasonably in their efforts to obtain a satisfactory estimate for a sewer hookup. The standard to be applied in this case is the reasonable effort standard as opposed to a good faith standard. "The difference between the good faith and reasonable efforts standard is the difference between a subjective and an objective standard. Good faith is a subjective standard involving a determination of the intent or state of mind of the party concerned, taking into account the actual knowledge of the person as well as that person's motives. . . . Reasonableness on the other hand is an objective standard involving an analysis of what a person with ordinary prudence would do given the circumstances, without accounting for any particular knowledge or skill". R.A. Thompson Electric Co. v.Wesco Inc., 27 Conn. App. 120, 127 (Internal quotations and citations omitted).
"The test in contracts . . . is external not subjective; it asks how a person of ordinary prudence in such a situation would CT Page 238 have behaved, not how the defendant in fact did behave" id. (Internal citations omitted).
Where possible, the words of the contract must be given their common usage and meaning. Phillipe v. Thomas, supra, 174. Under the facts presented to the court, the plaintiff executed a binder in late August 1997. Subsequent thereto, they walked the property with a surveyor. For some reason, however, the contract itself which is the instrument ultimately binding the parties was not executed until late October 1997. Since the property bordered on the Housatonic River, the plaintiffs were interested in a dock permit as well as a building permit. (See Exhibit 1). Evidence discloses that they visited the property with an engineer, surveyor and excavator. The closing date of January 6, 1998 came and went. There is a paucity of evidence as to what actually occurred during the period subsequent to the closing date. There are two letters in evidence inquiring into whether a closing was going to take place and expressed the defendant's concern as to the diligence of the plaintiffs in obtaining the necessary permits. (See Exhibit 5). Both letters sought information relating to the progress in obtaining the necessary permits and as to when a closing would take place. What followed was the subsequent events of March 16th and 17th, 1998.
The only period of time during which the reasonableness of the plaintiffs can be questioned is the period that ensued subsequent to the execution of the contract and following the closing date of January 6, 1998. While the plaintiff Elizabeth Romagna testified as to the activities of the plaintiffs during the time in question the defendant's testimony related to the reasonableness of the plaintiffs' estimate for the sewer hookup. The defendant based on his own experience as a contractor testified that the estimate was not reasonable and obtained the advice of two other contractors to bolster his opinion. There is no testimony from either contractor or the defendant himself as to what they considered to be a reasonable estimate.
Whether the plaintiffs' actions constituted reasonable efforts to satisfy the contractual condition is a factual determination for the Court. Lach v. Cahill, 138 Conn. 418, 422. Reasonableness being an objective standard, the court in making its decision considered all of the circumstances surrounding the issue and doing so, the court finds that it cannot conclude that the actions of the plaintiffs were unreasonable. Therefore, judgment may enter for the plaintiffs in the amount of $7300.00. CT Page 239
The Court
Curran, J.