## Erling Charles Christophersen v. Charles Blount, Jr., et al. (14003)

Peters, C. J., Callahan, Glass, Covello and Hull, Js.

Argued October 4—decision released November 20, 1990

*S. Robert Jelley,* with whom were *Susan J. Bryson* and *Danielle M. Pemberton,* for the appellant (plaintiff).

*Hans C. F. Wriedt,* for the appellees (defendants).

Covello, J. This is an action for the specific performance of a real estate contract. The principal issue is whether the trial court properly concluded that the plaintiff buyer's nineteen month delay in carrying out a condition precedent to the defendant sellers' obligation to perform bars his claim against them for specific performance. We agree with the trial court's conclusion that an unreasonable time had passed, that the defendant sellers' duty to perform had terminated, and that the plaintiff, therefore, could not obtain specific performance of the contract.

On April 21, 1983, the defendants agreed to sell to the plaintiff two parcels of land from a larger tract in Westport. The contract stated that the closing would take place at an unspecified date "fourteen (14) days after approval by the Westport Planning and Zoning Commission of a subdivision of the Sellers' premises." The contract further provided that "[t]he Seller hereby appoints the Purchaser as his Attorney-in-Fact to accomplish a subdivision of the Sellers' property . . . ." On November 21, 1984, nineteen months later, the plaintiff submitted an application for subdivision approval to the Westport planning and zoning commission (commission). Thereafter, the defendants' attorney wrote the commission stating that the plaintiff had no authority to seek a subdivision of the property in their behalf. The commission thereafter refused to accept the subdivision application without the defendants' personal signatures.

The plaintiff then began this action seeking specific performance of the contract. After a hearing, the trial court rendered judgment for the defendants concluding that: (1) the plaintiff had delayed an unreasonable amount of time in filing the subdivision application; (2) the contract failed to comply with General Statutes § 52-550,[1] the statute of frauds; and (3) the plaintiff's claim for specific performance was barred by General Statutes § 47-33a,[2] the statute of limitations. The plain-

---

[1] General Statutes § 52-550 provides in relevant part: "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property . . . ."

[2] General Statutes § 47-33a provides: "ACTION ON AGREEMENT TO SELL REAL ESTATE. (a) No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months

tiff appealed to the Appellate Court. We transferred the case to this court pursuant to Practice Book § 4023. We conclude that while the contract complied with the statute of frauds, the defendants' obligation to transfer the property terminated because of the plaintiff's failure to fulfill an express condition precedent within a reasonable time.[3]

"A memorandum does not satisfy the statute of frauds if it lacks essential terms concerning the performance contemplated by the contract." *Faloutico* v. *Maher,* 182 Conn. 448, 448, 438 A.2d 710 (1980); *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 11, 420 A.2d 1142 (1979). However, "[t]he mere absence of a time for performance in a contract of sale

after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325.

"(b) The interest may be extended only by reexecution of the written agreement or by execution of a new written agreement, provided the agreement, whether reexecuted or newly executed, shall be recorded as directed by sections 47-10 and 47-17. The period provided by this section shall not otherwise be extended, whether because of death, disability or absence from the state or for any other reason. Upon the expiration of an interest the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest.

"(c) Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced."

The trial court concluded that the statute of limitations contained in § 47-33a was applicable and barred the plaintiff's claim. Because we find that the defendants' duty to perform terminated before the plaintiff requested approval from the commission, we do not reach the issue of the applicability of § 47-33a.

[3] The defendants also claim that the contract failed for want of consideration. The contract stated that the plaintiff paid $100 in consideration. There was evidence that this was never paid. The contract, however, contains language indicating an exchange of mutual promises. We have often held that the exchange of promises is sufficient consideration to support a finding of the existence of a contract. *Taft Realty Corporation* v. *Yorkhaven Enterprises, Inc.,* 146 Conn. 338, 342, 150 A.2d 597 (1959); *Kay Petroleum Corporation* v. *Piergrossi,* 137 Conn. 620, 622, 79 A.2d 829 (1951).

does not ordinarily make it unenforceable, because the law will imply a reasonable time for performance if none has been specified." *Breen* v. *Phelps,* 186 Conn. 86, 93, 439 A.2d 1066 (1982); see also *Parkway Trailer Sales, Inc.* v. *Wooldridge Bros., Inc.,* 148 Conn. 21, 26, 166 A.2d 710 (1960). Thus, because the law implies a reasonable time to perform when a time for performance is not stated, this contract did not fail to comply with the statute of frauds.

Although the contract in this case complies with the statute of frauds, if an express "condition [in the contract] is not fulfilled, the right to enforce the contract does not come into existence." *Lach* v. *Cahill,* 138 Conn. 418, 421, 85 A.2d 481 (1951).[4] "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance." Id.[5] "Whether the performance of a certain act by a party to a contract is a condition precedent to the duty of the other party to act depends on the intent of the parties as expressed in the contract and read in light of the circumstances surrounding the execution of the instrument." *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135, 149, 328 A.2d 711 (1973); *Lach* v. *Cahill,* supra.

The contract stated that "[t]he Closing of Title shall take place . . . fourteen (14) days after approval by the [commission] of a subdivision of the Sellers' premises." The trial court correctly found that this language manifested the intent of the parties that subdivision approval be an accomplished fact before the defendants' duty to convey the property would arise. The contract further stated that "[t]he Seller hereby appoints

---

[4] See also 5 S. Williston, Contracts (3d Ed. Jaeger) § 663.

[5] "A condition is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." 2 Restatement (Second), Contracts § 224.

the Purchaser as his Attorney-in-Fact to accomplish a subdivision of the Sellers' property . . . ." As between the parties, as the trial court determined, the contract imposed on the plaintiff the responsibility to procure commission approval for the subdivision and thus required the plaintiff to bear the risk of the nonoccurrence of this condition in timely fashion.

The trial court further found that the contract did not require the plaintiff to satisfy the condition by any particular date. In the absence of a specified time limit to comply with a condition precedent, the law implies a reasonable time. *Lach* v. *Cahill,* supra, 422; see also J. Calamari & J. Perillo, Contracts (3d Ed.) § 11-18, p. 461; E. Farnsworth, Contracts (1982) § 8.3, p. 544.

"What is a reasonable length of time is ordinarily a question of fact for the trier." *Parkway Trailer Sales, Inc.* v. *Wooldridge Bros., Inc.,* supra, 26; see also *Lach* v. *Cahill,* supra, 421. Here, the trial court found that the plaintiff had delayed nineteen months in seeking approval for the subdivision and concluded that this was an unreasonable amount of time under the circumstances. Because this conclusion was a reasonable corollary of the predicate finding that nineteen months had elapsed, we find no legal basis for disturbing the trial court's conclusion on appeal. *Season-All Industries, Inc.* v. *R. J. Grosso, Inc.,* 213 Conn. 486, 498, 569 A.2d 32 (1990). "[S]ince the plaintiff[] had failed to perform [his] obligations under the [contract], the right to enforce the [contract] was not in existence and the defendants were under no obligation to convey the property." *Brauer* v. *Freccia,* 159 Conn. 289, 294, 268 A.2d 645 (1970).[6]

---

[6] The plaintiff argues that he had done all he could to perform and that the nonoccurrence of the condition is due to the defendants' failure to cooperate with the plaintiff by not signing the application for the subdivision. Normally, a duty to satisfy a condition precedent is excused if the other party does not cooperate. E. Farnsworth, Contracts (1982) § 8.6, pp. 565–66. The

The judgment is affirmed.

In this opinion the other justices concurred.

plaintiff's argument, however, overlooks the fact that the trial court found that the plaintiff's nineteen month delay in acting excused the defendants' obligation to perform at all. Therefore, the defendants' obligation to cooperate had terminated before the plaintiff ever attempted to file the subdivision application.