104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Rommel NOBAY, Plaintiff-Appellant,
v.
DARTMOUTH MEDICAL SCHOOL, Defendant-Appellee.
 No. 96-7351.
 United States Court of Appeals, Second Circuit.
 Nov. 5, 1996.
 
 Appeal from the United States District Court for the District of Connecticut.
 Appearing for Appellant: Norman Pattis, John R. Williams, New Haven, Ct.
 Appearing for Appellee: Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, Bridgeport, Ct.
 D.Conn.
 AFFIRMED.
 Before KEARSE, WALKER, Jr., and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Plaintiff Rommel Nobay appeals from a judgment of the United States District Court for the District of Connecticut, Peter C. Dorsey, Chief Judge, dismissing his complaint against defendant Dartmouth Medical School ("Dartmouth") under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42-110a et seq., for withdrawal of its acceptance of Nobay into medical school. On appeal, Nobay contends that the district court improperly granted summary judgment because it erroneously concluded that statements offered by Nobay constituted inadmissible hearsay. Whether or not the alleged statements were hearsay, we conclude, for the reasons that follow, that summary judgment was proper.
 
 
 4
 CUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42-110b(a). In determining whether an act or practice is "unfair" and in violation of the Act, a court must examine "(1) [W]hether the practice ... offends public policy as it has been established by statutes, the common law, or otherwise ...; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." Saturn Construction Co., Inc. v. Premier Roofing Co., Inc., 238 Conn. 293, 310, 680 A.2d 1274, 1283 (1996) (internal quotation marks omitted); see Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725, 652 A.2d 496, 505 (1995). The termination of a contract as authorized by the contract does not generally violate CUTPA. See McKeown Distributors, Inc. v. Gyp-Crete Corp., 618 F.Supp. 632, 643-44 (D.Conn.1985). Since a contracting party has the right to refuse to perform if the other party fails to satisfy a contractual condition precedent, see Christophersen v. Blount, 216 Conn. 509, 512, 582 A.2d 460, 462 (1990), such a refusal does not violate CUTPA.
 
 
 5
 "Whether the performance of a certain act by a party to a contract is a condition precedent to the duty of the other party to act depends on the intent of the parties as expressed in the contract and read in light of the circumstances surrounding the execution of the instrument." Id. at 512, 582 A.2d at 462-63 (internal quotation marks omitted); see F & W Welding Service, Inc. v. ADL Contracting Corp., 217 Conn. 507, 517, 587 A.2d 92, 97 (1991). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms," id. at 517, 587 A.2d at 98 (internal quotation marks omitted); see Barnard v. Barnard, 214 Conn. 99, 110, 570 A.2d 690, 696 (1990), and parol evidence is not admissible to vary or contradict the express terms of the agreement, see Hare v. McClellan, 234 Conn. 581, 596, 662 A.2d 1242, 1251 (1995); Tie Communications, Inc. v. Kopp, 218 Conn. 281, 288, 589 A.2d 329, 333 (1991). Whether a written contract is ambiguous is a question of law for the court. See, e.g., Seiden Associates, Inc. v. ANC Holdings, Inc., 959 F.2d 425, 429 (2d Cir.1992).
 
 
 6
 In the present case, Dartmouth's April 15, 1994 offer, which stated that "[a]ll acceptances are contingent upon ... sustained performance for any academic work in progress," unambiguously set as a condition precedent to Nobay's admission that he at least continue the graduate work in which he was then engaged, without failure, suspension, or expulsion. The later statements attributed by Nobay to Dartmouth employees to the effect that his acceptance would not be impeded by his failure to complete his master's program or failure to receive his degree, whether hearsay or not, were subsequent to the offer and acceptance and would not be admissible to vary the terms of the contract. Moreover, the statements cannot be read to reassure Nobay that Dartmouth would treat his suspension from Yale as sustained performance in that program. There being no dispute that Nobay failed to sustain performance of the master's program at Yale because Yale suspended him for at least the remainder of the calendar year, and that Dartmouth withdrew its offer of admission citing, inter alia, the information it had received from Yale that Nobay had not received his master's degree and would not receive it in 1994, we conclude that the district court correctly ruled that there were no genuine issues of material fact to be tried with respect to Nobay's CUTPA claim.
 
 
 7
 We have considered all of Nobay's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.