[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against the defendant Bank in four counts. Breach of contract to furnish a mortgage loan; breach of implied covenant of good faith and fair dealing; violation of Connecticut Unfair Trade Practices Act, CUTPA, Connecticut General statutes § 42-110 (a).
The dispute pertains to the alleged failure of the defendant to make said loan to the plaintiff in the amount of $3,800,000. The plaintiff claims that the agreement was set forth in a preliminary approval letter to the plaintiff by one Michael W. Herlihy, dated October 7, 1993, referred to as Exhibit H appended to this motion for summary judgment.
The motion claims that the plaintiff failed to present any evidence that the defendant committed to refinance his loan. (There was an existing loan between the parties). Defendant further claims that the allegations of a commitment do not satisfy the statute of Frauds, Connecticut General Statutes §52-550 (a). The Statute of Frauds provisions referred to concern "(4) upon any agreement for the sale of real property or any interest in or concerning real property." This section is referred to as the loan contemplated the granting of a mortgage, which it is claimed is the transfer of an interest in real property. Also, provision "(C) upon any agreement for a loan in an amount which exceeds fifty thousand dollars." CT Page 9989
The plaintiff claims that the letter of Mr. Herlihy, said Exhibit H dated October 7, 1993 is adequate to satisfy the provision of Connecticut General Statutes § 52-550 which states ". . . unless the agreement, or memorandum of the agreement, is made in writing and signed by the party, or the agent of the party to be charged. . . ."
"The party to be charged" is the defendant Bank. Mr. Herlihy is identified in the letter as "Vice President." No claim is made that Mr. Herlihy is not an agent of the defendant. No formal contract was signed by the plaintiff and defendant together. Hence, for the purposes of the statute of frauds the initial question is whether the writing signed by Mr. Herlihy constitutes a "memorandum of an agreement."
The defendant, for the purposes of this motion, appears to treat the loan request as an application for refinancing of the entire shopping center. The plaintiff, by affidavit, treats the matter as an original application to finance the renovation of a gas station, which would have cost approximately $400,000. Rather than to finance the renovation of the gas station as a separate loan the bank determined to discuss the prospect of a larger more comprehensive financing or re-financing in the proposed amount of $3,800,000.
The defendant claims that the Herlihy memorandum does not contain the essential terms of a contract "with such certainty that its essentials can be known from the memorandum itself without the aid of parole proof." Breen v. Phelps, 186 Conn. 92. However the Appellate Court, in discussing Breen v. Phelps, supra
states "The statute of frauds requires that the essential terms and not every term of the contract be set forth therein." Fruinv. Colonnade One at Old Greenwich Ltd. Partnership,38 Conn. App. 420, 426 (1995) emphasis added.
The defendant contends that the monthly amount or when the mortgage payments would start was "ambiguous, indefinite and uncertain." However, the letter sets forth an interest rate — "8.25% fixed for the term of the loan." A term — "seven years." And "amortization schedule: fifteen years." As to whether this information is adequate and sufficient to appraise each of the parties as to the method, interim, and amount of payments is a question of fact which cannot be resolved by this motion.
The defendant further contends that, as the letter states CT Page 9990 "final terms and conditions are subject to approval by Advest Bank's Board of Directors," therefore, since no such approval was forthcoming, this condition of the letter was not satisfied.
Though it is clear that the performance of a condition precedent must take place before there is a right to performance, yet where that performance is solely to be accomplished by the person seeking to avoid an agreement, careful scrutiny of that failure may be appropriate. It is here contended that the defendant never placed the loan before the Board of Directors for approval. Whether this provision is a condition precedent is a question of fact, which cannot be determined by a motion for summary judgment. See Christopherson v. Blount, 216 Conn. 509,512 (1990).
As to the failure to list time of performance, "what is a reasonable length of time is ordinarily a question of fact for the trier." Christopherson, supra, p. 513.
Whether the letter of October 7, 1993 is a sufficient memorandum of an agreement for the purposes of the statute of frauds is a question of fact.
The plaintiff contends that even if there was an oral agreement which would otherwise be barred by the Statute of Frauds, part performance by him would remove the agreement from the constraints of the statute. See Putnam, Coffin Burr, Inc.v. Halpern, 154 Conn. 507, 515 (1967). The plaintiff's affidavit discloses that his construction of the service station was based upon, and that he relied upon, the defendant's promise that they would provide the financing. This is a question of fact which cannot be determined by this motion.
The defendant claims that the concept of breach of covenant of good faith and fair dealing is not applicable to the plaintiff's claims. As acknowledged in the defendant's brief the Supreme Court has recognized that an implied duty of good faith and fair dealing exists as concerns every contract without limitation. Mangan v. Anaconda Industries, Inc., 193 Conn. 566, 558 (1984). Although the defendant focuses upon the alleged agreement to re-finance, claiming that there is no such contract upon which such covenant would attach, it is observed that there was in fact an existing loan, an existing contract for which loan payments were being made. Whether the prospect of a re-write is so related to the existing loan contract so as to implicate the CT Page 9991 concept of good faith and fair dealing as concerns the existing contract is a matter of interpretation, is to an extent fact bound, and cannot be determined by this motion for summary judgment.
Similarly the relationship between the parties, bearing in mind the prospect of re-writing an existing loan and the claimed assurances given by the defendants, together with the plaintiff's claim of detrimental reliance appear to extend beyond the concept of a single claim of breach of contract. These issues are fact bound and cannot be determined in the midst of conflicting evidence.
For the reasons set forth herein the motion for summary judgment is denied.
L. Paul Sullivan, J.