[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves the determination of the validity of an option to purchase an interest in real estate, and, if it is valid, whether it has been properly exercised.
The factual background leading to this litigation is as follows. On August 25, 1975, the plaintiff purchased a one-half interest in real property located at 617-619 Main Street in East Haven, Connecticut for $24,000 from her mother-in-law, Agnes Funaro. On the same day, for and in consideration of $1.00 and CT Page 1997 other good and valuable considerations, Agnes Funaro gave the plaintiff an option to purchase the remaining one-half interest in the property for $24,000. The option provided that it was to be exercised by the plaintiff, or her heirs and assigns, by giving notice to the personal representative of the estate of Agnes Funaro within thirty days of the appointment of the representative.
The option also provided that payment of the $24,000 was to be in 120 equal monthly installments of $200.00, and was to be secured by a promissory note of the plaintiff, or her heirs and assigns. The note was to be secured by a mortgage on the entire property. The option also provided that the note and mortgage should be delivered within thirty days of the exercise of the option, that the first payment on the note was due within thirty days of the date of the note, and that upon receipt of the note and mortgage, the personal representative shall deliver a deed of the property to the plaintiff, or her heirs and assigns. The option agreement was not recorded on the East Haven Land Records until October 17, 1989.
On February 4, 1991, Agnes Funaro created the Agnes E. Funaro Irrevocable Trust and conveyed to the two co-trustees by quit-claim deed her one-half interest in the 617-619 Main Street property, reserving a life use to herself, and three certificates of deposit. The trust also purported to give Agnes Funaro's son, John Funaro, who is the husband of the plaintiff, an option to purchase any interest owned by the trust in 619 Main Street upon the death of Agnes Funaro. The purchase price was $24,000 payable within sixty days. The defendants, the two daughters of Agnes Funaro were named as co-trustees of the trust. The plaintiff was unaware of the conveyance of the one-half interest in the property until after the death of Agnes Funaro.
The plaintiff and her husband have resided on the second floor of 617-619 Main Street since shortly before August 25, 1975. Agnes Funaro resided on the first floor until her death, and a tenant occupied the third floor.
Agnes Funaro died on April 1, 1995. Having conveyed all of her assets to the trust, Agnes Funaro had no assets at the time of her death and no estate was ever opened for her. On April 24, 1995 the plaintiff gave written notice to the co-trustees of her intent to exercise the 1975 option, and that she was prepared to execute a note and mortgage. Defendant Louise Avallone, Trustee CT Page 1998 is willing to convey the interest the trust has in 617-619 Main Street to the plaintiff in accordance with the terms of the 1975 option, but the defendant Barbara Baisley, Trustee (defendant) refuses to convey the trust's interest in the property to the plaintiff.
The plaintiff has filed a two-count complaint seeking money damages and specific performance of the option dated August 25, 1975. The first count makes the claim for specific performance, and the second count seeks money damages for taxes and maintenance expenses incurred by the plaintiff with respect to the Page 463 premises. The defendant admits the death of Agnes Funaro and denies or pleads no knowledge as to all other allegations of the complaint. By way of special defenses, the defendant alleges that John Funaro is the true beneficiary of the Agreement and a constructive trust should be established for his benefit; that the agreement is void for want of consideration; and that any claim for damages is subject to offset for unaccounted rent monies. The plaintiff has denied all of the material allegations of the special defenses.
Before the start of trial, the parties stipulated that if the plaintiff prevailed on the first count then judgment should enter in favor of the defendants on the second count without costs. If the court finds in favor of the defendants on the first count then judgment should be entered in favor of the plaintiff against the defendants on the second count for $8,750.00 without costs.
The defendant, in her post trial memoranda, makes no reference to any of her special defenses, which indicates that those theories are not being pursued. In any event, the evidence clearly established that the plaintiff moved into the Main Street property in 1975 at the request of Agnes Funaro and gave valuable consideration for the option she required. In addition, the evidence fails to show that a constructive trust should be established for the benefit of John Funaro. As far as the third special defense is concerned, this has been rendered moot by virtue of the stipulation of the parties referred to above.
The position of the plaintiff is that she gave valuable consideration for the option in 1975, that the option was properly executed, that the option was recorded on the East Haven Land Records in 1989, that the subject property was conveyed to the co-trustees in 1991, that the co-trustees accepted title to the property subject to a duly recorded prior encumbrance, that CT Page 1999 the terms of the option prevail over any inconsistent provision contained in the trust instrument, that Agnes Funaro died on April 1, 1995, that proper and timely notice of an intent to exercise the option was given by the plaintiff to the co-trustees as owners of the property, that the plaintiff was, and is, ready, willing and able to comply with requirements of the option, and that the court should order the co-trustees to convey their interest in the property to the plaintiff.
The defendant's position is that the option agreement is unenforceable because it is violative of Connecticut General Statutes Section 47-33a, and, even if it is enforceable, that the plaintiff has failed to comply with her obligations as contained in the option in her effort to exercise the option.
Section 47-33a provides in pertinent part that "No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it, or, if the date is not so provided longer than eighteen months after the date on which the agreement was executed, . . ." It is the defendant's claim that since no date for the performance of the option is contained within the option agreement, that this option expired after eighteen months, which would be on February 25, 1977. The court does not agree.
If the court were to adopt the defendant's reasoning then the option for which the plaintiff gave good and valuable consideration would be meaningless. The plaintiff could not exercise her option until Agnes Funaro died. Therefore, under the defendant's reasoning, only if she died within eighteen months of the date of the granting of the option would the option have any validity. This clearly was not the intent of the parties. The plaintiff had purchased fifty percent of the property for $24,000 on the day the option was executed. Agnes Funaro wished to occupy her portion of the property until her death, yet was willing to sell the remaining fifty percent of the property to the plaintiff at the same figure of $24,000, but not until she died. While a specific date for the exercise of the option was not provided in the option, a specific event, for which the date could not be provided, was set forth in the option. The plaintiff had no control over that date, but it was a certainty to occur at sometime in the future, and obviously the parties realized that CT Page 2000 the event might not occur for a long time because the option provided that it could be exercised by the plaintiff or her heirs and assigns. The use of an event for the performance of the option, rather than a specific date, particularly when the event is a certainty to occur, is sufficient compliance with the statute. To hold otherwise would clearly thwart the intent of the parties at the time the option was given in 1975. The option obtained by the plaintiff in 1975 from Agnes Funaro is not violative of Section 47-33a, and was a valid encumbrance on the subject property at the time the property was acquired by the co-trustees. It takes precedence over the option to purchase the same real estate on the death of Agnes Funaro given to John Funaro in the trust instrument. Had the plaintiff not exercised her option then presumably the option given to John Funaro would have been valid. Why the plaintiffs option was not recorded until 1989, or the possibility that Agnes Funaro didn't believe the option was in effect when she transferred the subject property to the co-trustees is immaterial. The plaintiff had given consideration for the option and she was entitled to exercise it after the death of Agnes Funaro.
The plaintiff claims that the reasoning of the Supreme Court in Texaco Refining and Marketing, Inc. v. Samovitz, 213 Conn. 676
(1990), should be applied to this case. In Texaco, the court was dealing with an option to purchase real estate contained in a fifteen year lease subject to renewal by the plaintiff for three additional five year periods. The lease provided that the option to purchase could be exercised during the term of the lease or any renewal thereof commencing after the fourteenth year of the lease. The plaintiff exercised the option during the second five year renewal Page 464 and the defendant claimed that the option agreement was violative of Section 47-33a.
The court, indicating a concern with the effect on options contained in long-term commercial leases, held that when Texaco exercised its option it created "an executory agreement for the sale of real property under an option and that the statute then allowed Texaco eighteen months to enforce the agreement. While this court recognizes that this reasoning could arguably be applied to the facts of the instant case, the facts are sufficiently distinct so that the court chooses not to adopt the analysis of Texaco but rather the reasoning as set forth above.
The defendant cites the case of Christopherson v. Blount,216 Conn. 509 (1990), in support of her position. That case is not CT Page 2001 applicable because the court specifically stated that it was not reaching the issue of the applicability of Section 47-33a.
Having decided that the option given to the plaintiff in 1975 is not violative of Section 47-33a, the next issue raised by this case is whether the plaintiff has properly exercised the option.
As indicated above, when Agnes Funaro died on April 1, 1995 she had no assets and no estate was ever opened for her. On April 24, 1995 the plaintiff, acting through her attorney, notified the co-trustees in writing, as owners of the property, of her intention to exercise her option and her willingness to comply with all of the option terms. Thereafter plaintiff s counsel attempted to schedule a closing with the co-trustees so that the necessary documents could be exchanged. The defendant Baisley refused to transfer the property to the plaintiff.
It is the defendant's position that she need not comply with the terms of the option because it "was never properly noticed or performed by the plaintiff." The defendant claims that there were conditions precedent in the option which were not satisfied. First it is claimed that for the option to be valid that the real estate needed to be owned by Agnes Funaro at the time of the exercise of the option, which allegedly is demonstrated by the fact that the option was "triggered" by the appointment of the representative of the Estate of Agnes Funaro. The defect in this claim is that there is nothing in the option which prevented Agnes Funaro from transferring the property, as she did to the co-trustees, or selling it in an arms length transaction to an unrelated third party. However, such a transfer would not nullify the option. Any transferee of the property obtaining title after October 17, 1989 was legally on notice of a prior recorded encumbrance, the option given for consideration to the plaintiff in 1975, and took the property subject to that option, just the same as a transferee would take the property subject to a prior recorded bank mortgage. That Agnes Funaro had chosen to transfer the property prior to her death did not affect the validity of the plaintiffs option.
Secondly, the defendant claims that the option provides that notice of the election to purchase must be made in writing to the representative of the Estate of Agnes Funaro, and since no such representative was ever appointed, and therefore no such notice was made, that this condition precedent was not satisfied. It is suggested by the defendant that the plaintiff should have CT Page 2002 petitioned the East Haven Probate Court for the opening of an estate and the appointment of a representative, and then presented her claim to the representative. The law does not require a party to undertake a futile act. The plaintiff became aware after the death of Agnes Funaro that Mrs. Funaro did not own the property when she died and that the co-trustees held legal title to the property. Accordingly, the plaintiff notified the co-trustees that she was exercising her option since they were the only ones with the power to transfer the property. To require the plaintiff to expend the time and expense in having to go to the East Haven Probate Court to have an estate opened, have a representative of the estate appointed, and then notify that representative that she was exercising her option, so that the representative could then tell the plaintiff that the estate did not own the property was not necessary in order to exercise the option. The option was prepared without consideration of the possibility that Agnes Funaro would not own the property when she died. However, when Agnes Funaro transferred the property, which she had a right to do, she in effect made it unnecessary to notify the representative of her estate of the exercise of the option. The notification made in this case to the co-trustees was a satisfactory compliance with the terms of the option and the only reasonable course of action for the plaintiff to take under the circumstances.
The final alleged condition precedent in the option which the defendant claims has not been complied with is the provision that the note and mortgage provided for in the option was to be delivered to the representative of the estate within thirty days of the election by the plaintiff, or her heirs and assigns, to exercise the option. Apparently the defendant believes that the plaintiff was required to actually prepare a promissory note, and a mortgage securing that note, and deliver those documents into the hands of either the representative of the Estate of Agnes Funaro or the owners of the property. The court disagrees. In order to satisfy her obligations under the option, the plaintiff was required to notify the owners of the property of her intention to exercise the option and her willingness and ability to provide the necessary documents. The formal notification to the co-trustees, given through counsel within thirty days of Agnes Funaro's death, of her intention to exercise the option and to execute the necessary promissory note and mortgage was sufficient compliance with the option.
For the reasons set forth above, the court finds that the CT Page 2003 plaintiff has proven the essential allegations of the first count, the defendant Baisley has failed to prove any of her special defenses, and Judgment may enter on the first count in favor of the plaintiff. The defendants Page 465 are ordered to specifically perform their obligations under the 1975 option as current owners of the subject property.
In accordance with the stipulation of the parties, judgment may enter in favor of the defendants on the second count without costs.
Hadden, J.
CT Page 1990