[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding sounds in breach of contract. The plaintiff filed a two-count revised complaint on April 17, 2000. In count one, it alleges that on or about November 7, 1997, it sold and delivered to the Newtown Oil Co., approximately one thousand five hundred forty-six (1,546) multipurpose tires for use and sale by the defendant in the defendant's tire and service business and that the agreed price for the tires was fifty-seven thousand eight hundred forty-two ($57,842) dollars. The plaintiff also alleges that on or about October 2, 1997, the defendant had entered into a credit application agreement in which the defendant applied for credit from the plaintiff and agreed to pay, inter alia, a 1.5 percent per month service charge on the outstanding balance for all indebtedness due, plus attorney's fees. The plaintiff alleges that the defendant accepted the tires and, without demanding credit or making any returns, resold them to its customers. In count two, the plaintiff alleges that on or about October 27, 1997, the co-defendant, William A. Trudeau, Jr., an employee and part owner of Newtown Oil Co., guaranteed in writing to pay all of the bills incurred by the defendant CT Page 10141 and owed to the plaintiff. The plaintiff alleges that, to date, the full amount of fifty-seven thousand eight hundred forty-two ($57,842) dollars plus interest and attorney's fees has not been paid.
The defendant has filed a two-count counterclaim. In count one, it alleges that the plaintiff represented that the tires were of good quality but that this was a false representation. It continues by claiming that numerous tires were defective and that notice of the defective tires was given by the defendants to the plaintiff from January, 1998 to May, 1998. It asserts that delivery of the defective tires constitutes a breach of contract. In count two, it alleges that the plaintiff warranted that the tires were of "first quality" and that the defective tires constituted a breach of warranty. The plaintiff has moved for summary judgment on the ground that there is no genuine issue as to any material fact in the plaintiff's claim and in the defendant's counterclaim. It submits that the defendants accepted the tires and, after a reasonable time to inspect, did not reject the goods but rather gave notice that the tires were conforming.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732 (1995). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55
(1998). It is well established that the moving party has the burden of showing the absence of any genuine issue of material fact; "a party opposing summary judgment must [however] substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202 (1995). "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of the case." Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). "Only evidence that would be admissible at trial may be used to support or oppose summary judgment." Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997).
The plaintiff has filed the affidavit of Mimi W. Liu, Secretary/Treasurer of Nankang USA, Inc., in which she attests that the defendants promised to pay the plaintiff for goods sold and delivered by the plaintiff. Liu further attests that the defendants avoided contact with the plaintiff during the plaintiff's collection attempts and the CT Page 10142 defendants "never raised any excuse or explanation whatsoever for their refusal and failure to pay, nor made any complaints to plaintiff, until their answer was filed."[1] The plaintiff also submits the affidavit of Victor Qiu, a salesman for Nankang, USA who managed the account of Newtown Oil in which he attests that on or about the first week of December 1997, Trudeau claimed that the tires were of "first quality" and said that he wanted to order more. Qui also attests that at no time did the defendant reject the tires or notify anyone of problems or defects.
The defendants submit the affidavit of William A. Trudeau, Jr. Trudeau attests that he did not tell any representative of the plaintiff that the tires were of "first quality." He claims that he told Qiu, "on numerous occasions" between January, 1998 and May, 1999, that the tires had "vibration problems."[2] Trudeau also attests that customers were complaining about the tires, that he had to replace the tires for the customers and, therefore, he lost substantial money. Trudeau further attests that he "never avoided contact with the plaintiff."
Sections 42a-2-606 and 42a-2-607 of the General Statutes govern acceptance of goods by the buyer. Section 42a-2-607 (3) of the General Statutes provides in relevant part: "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . ." In Sun Hill Industries v. Kraftsman Group, Inc.,27 Conn. App. 688, 694, 610 A.2d 684, cert. denied, 223 Conn. 913,614 A.2d 830 (1992), the court found two months to be a "reasonable time" for a buyer to notify a seller of a shipment of defective cardboard boxes. "What is a reasonable length of time is ordinarily a question of fact for the trier. . . ." (Citations omitted.) Christophersen v.Blount, 216 Conn. 509, 513 (1990).
This court finds that the affidavits submitted by the parties raise a question of fact as to timely notification by the defendants after discovery of alleged defects in the tires. Therefore, because there is such a genuine issues of material fact, the plaintiff's motion for summary judgment is, accordingly, denied.
Moraghan, J.