[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
The defendants, John and Diane C. Hein, seek to resolve by way of two motions for summary judgment this lawsuit wherein plaintiff William Robinson, Trustee requests specific performance of a real estate contract and damages. In the first motion, the defendants claim that the binder agreement upon which the plaintiff bases his claim is unenforceable. In the second motion, the defendants contend that the plaintiff is barred from recovery under a contract clause pertaining to a building inspection. For the reasons stated below, the motions are denied.
 I BINDER
In the first motion for summary judgment, the defendants contend that the binder is invalid because it (1) does not contain the essential terms of a contract, in particular, the identity of property that was to be conveyed, (2) contains ambiguities, (3) lacks consideration, (4) was merely a preliminary agreement, and (5) does not satisfy the requirements of the statute of frauds.[1] Usually, such challenges present questions of fact. "[T]he issue of contract formation is a question of fact. `The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . .'" Cheverie v. Ashcraft Gerel,65 Conn. App. 425, 439, 738 A.2d 474 (2001). Each of the defendants' challenges will be discussed below.
The defendants challenge the validity of the binder on the ground the CT Page 2769 essential terms of a real estate contract are lacking. "The essential provisions of a [real estate sales] contract are the purchase price, [the identity of] the parties, and the subject matter for sale." Fruin v.Colonnade One at Old Greenwich Ltd. Partnership, 38 Conn. App. 420, 426,662 A.2d 129 (1995), aff'd, 237 Conn. 123, 676 A.2d 369 (1996); see alsoBreen v. Phelps, 186 Conn. 86, 92, 439 A.2d 1066 (1982); General Statutes § 47-5.[2] The binder states the purchase price is $757,000; it identifies the parties to the contract: William Robinson, Trustee, and John and Diane Hein; and it identifies the land to be sold as "863 Old Academy Lane, Fairfield." The defendants argue that the parties failed to agree on the identity of the property, an essential term, because the defendants did not know at the time they signed the binder that the property was subject to an easement. Whether there was a mutual mistake or misrepresentation by the plaintiff raises questions of motive, intent and subjective feelings. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Morascini v. Commissionerof Public Safety, 236 Conn. 781, 809, 236 A.2d 1340 (1996).
The defendants challenges the binder on the ground it is ambiguous with respect to the identity of the parties, the closing date, and the meaning of the phrase "acceptance of B." As to the identity of the parties the binder identifies the parties to be bound as William Robinson, Trustee and John and Diane Hein. The fact that the plaintiff trustee held the property for the benefit of Jack and Carol McGregor, who also signed the binder, does not create an ambiguity as to the identify of the seller. There is nothing ambiguous about identity.
The second claimed ambiguity relates to the closing date, which was changed at least once. Ordinarily, the time for the completion of a sales contract for land is not an essential term of the contract, "because in the absence of a date for performance, the law will imply a reasonable time to perform." Christophersen v. Blount, 216 Conn. 509, 511-12,582 A.2d 460 (1990). The date set for performance of a contract for the sale of land becomes an essential term of the contract when "time is of the essence." Bethlehem Christain Fellowship, Inc. v. Planning ZoningCommission., 58 Conn. App. 441, 446, 755 A.2d 249 (2000); see alsoGrenier v. Compratt Construction Co., 189 Conn. 144, 151, 454 A.2d 1289
(1983) ("The fact that a contract states a date for performance does not necessarily make time of the essence."). In the present case, the defendants have not presented any evidence that time was of the essence for completion of the contract. Therefore, the lack of certainty with respect to a closing date does not create an ambiguity in an essential term. CT Page 2770
The defendants claim that the phrase "acceptance of B" is patently ambiguous. In the parties' factual stipulation, they state that John Hein and Diane Hein believed that "acceptance of B" meant acceptance of binder, that Jack McGregor believed that "acceptance of B" meant acceptance of buyer, and that Carol McGregor and the plaintiff did not know what "acceptance of B" meant. At the time the binder was signed, the parties acted as if they knew what the phrase "acceptance of B" meant. For example, one of the conditions of the binder was that it was "subject to termite and building inspection satisfactory to and at the expense of the buyer. . . ." and that said inspection was to be completed "one week after the acceptance of B." By March 16, 1992, all the parties had signed the binder. On March 18, 1992, Res-i-Tech performed the building inspection and placed a radon testing canister in the basement of the property.
What the parties understood the phrase "acceptance of B" to mean creates a question of fact as to the intent of the parties. See Nova Dye Print Co. v. Winogradow, Superior Court, judicial district of Waterbury, Docket No. 153399 (May 4, 2001, Doherty, J.) (trial court denies motion for summary because a question of material fact existed as to "whether the parties intended the same terms of the contract."). This question, however, does not appear to relate to a material fact. Whether "B" stands for binder or buyer, the legal consequences appear to be the same, i.e. the remainder of the ten percent deposit was to be paid on or before one week after the "acceptance of B." Furthermore, "a motion for summary judgment is inappropriate where questions of fact exist on the parties' "motive[s], intent and subjective feelings and reactions."Morascini v. Commissioner of Public Safety, supra, 236 Conn. 809. "In the absence of [definitive contract] language . . . the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." (Internal quotation marks omitted.) Gaudio v. Griffin Health ServicesCorp., 249 Conn. 523, 533, 733 A.2d 197 (1999). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791, 794,654 A.2d 382 (1995); see also Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 111, 639 A.2d 507 (1994) ("Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case.").
The defendants challenge the validity of the binder on the ground it is void or voidable for failure of consideration because the plaintiff, as a trustee, could not convey the property by warranty deed as required by the terms of the binder. The plaintiff counters that he could have quit claimed the property to Jack E. McGregor and Carol E. McGregor, who are the beneficial owners of the property, and that they could have conveyed CT Page 2771 the property to the defendants by warranty deed. "The doctrine of consideration is of course fundamental in the law of contracts, the general rule being that in the absence of consideration an executory promise is unenforceable. In defining the elements of the rule, we have stated that consideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made. . . . An exchange of promises is sufficient consideration to support a contract." (Internal quotation marks omitted.) Keefe v. Norwalk Cove Marina, Inc.,57 Conn. App. 601, 606, 749 A.2d 1219 (2000).
The binder provides as follows: "Property to be conveyed by Warranty Deed in accordance with the usual Connecticut practice." The parties have not presented any evidence as to what is the "usual Connecticut practice." Consequently, there is a question on this issue which can not be resolved by way of summary judgment.
The defendants challenge the binder on the ground the circumstances surrounding the transaction demonstrate that the parties did not intend the binder to be a contract but merely a preliminary document. The defendants claim that the parties planned to have their respective attorneys draft a more comprehensive agreement and point out that the plaintiff's attorney prepared a draft of an agreement that was sent to the defendants' attorney for review. "Whether the parties intended legally to bind themselves prior to the execution of a formal contract is to be determined from (1) the language used, (2) the circumstances surrounding the transaction, and (3) the purpose that they sought to accomplish. . . . A consideration of these factors enables a court to determine if the informal contract, in this case the binder, is enforceable or merely an intention to negotiate a contract in the future." (Citations omitted; internal quotation marks omitted.) Fowler v. Weiss, 15 Conn. App. 690,693, 546 A.2d 321, cert. denied, 209 Conn. 814, 550 A.2d 1082 (1988). While the defendants argument has merit, it is nevertheless reasonable to infer that the parties intended to bind themselves to the terms of the binder unless and until they signed a more comprehensive agreement. SeeSternberg v. Infante, 13 Conn. App. 473, 476, 573 A.2d 523 (1988) (binder for sale of real estate may satisfy statute of frauds); Ryberg v.Songal, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 0770140 (April 20, 1999, Pickett, J.T.R.) ("Whether this [binder] bound the parties to consummate the sale of the property is largely a question of intent."); but see Fowler v. Weiss, supra,15 Conn. App. 695 ("[C]ircumstance surrounding the binder transaction also indicate that the binder was not intended by the parties to be legally enforceable."); Srager v. Koenig, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305625 (July 15, 1997,Stevens, J.) (20 Conn.L.Rptr. 85, 88) (after trial, trial court found that parties did not intend binder for sale of real estate to constitute CT Page 2772 binding contract). This is not an issue that can be decided in the defendants' favor on a motion for summary judgment.
The defendants challenge the binder on the ground it does not satisfy the requirements of the statute of frauds. To satisfy the requirements of the statute of frauds, the essential terms of a contract for the sale of land must be in writing. Fruin v. Colonnade One at Old Greenwich Ltd.Partnership, 38 Conn. App. 420, 426, 662 A.2d 129 (1995), aff'd,237 Conn. 123, 676 A.2d 369 (1996).[3] As stated above, the essential terms of a contract for the sale of land are the purchase price, identity of the parties, and identity of the subject matter of the contract. As previously discussed, the binder recites the purchase price, identifies the parties to the binder, and identifies the property as "863 Old Academy Road, Fairfield." Since the binder contains all the essential terms of a contract for the sale of real estate, it complies with the statute of frauds.
 II BUILDING INSPECTION
In the defendants' second motion for summary judgment, they claim that they are entitled to judgment as a matter of law because they were dissatisfied with a building inspection. They contend that their approval of a building inspection report was a condition precedent to the formation of a legally binding contract. The plaintiff, on the other hand, contends that there is a question of fact as to whether the defendants acted reasonably and in good faith in terminating the sale without negotiating the issues raised by their dissatisfaction with the inspection reports.
"A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." Funaro v. Baisley, 57 Conn. App. 636,640, 749 A.2d 1205 (2000); see also Christophersen v. Blount, supra,216 Conn. 512.
The binder specifically provided that "[t]his agreement is further subject to termite and building inspection satisfactory to and at the expense of the buyer, to be completed by: 1 week after acceptance of B." The building inspection was performed on March 18, 1992. On that same day, a radon testing canister was placed in the basement of the property. On March 23, 1992, the plaintiff's agent received a fax from CT Page 2773 another agent who stated the Heins were dissatisfied with several items on the building inspection report. On March 23, 1992, the plaintiff's attorney sent a proposed sales agreement to the defendants' attorney. The radon test results, dated March 27, 1992, show that the radon level was in excess of the level at which the Environmental Protection Agency recommends remediation. On March 31, 1992, the defendants terminated negotiations.
"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Warner v. Konover,210 Conn. 150, 154, 553 A.2d 1138 (1989). "[Good faith] is a subjective standard of honesty of fact in the conduct or transaction concerned, taking into account the person's state of mind, actual knowledge and motives. . . . Whether good faith exists is a question of fact to be determined from all the circumstances." Jaser v. Fischer,65 Conn. App. 349, 359-60, 733 A.2d 28 (2001).[4] Whether the defendants' conduct in terminating the negotiations was reasonable and in good faith presents a question of fact that is inappropriate for a summary judgment proceeding. Morascini v. Commissioner of Public Safety, supra, 236 Conn. 809.
For the foregoing reasons, the two motions for summary judgment (pleading nos. 176 and 179) are denied. Material questions of fact exist as to whether the binder is enforceable and as to whether the defendants conduct in terminating the agreement on the basis of the building inspection report was reasonable and done in good faith.
THIM, J.