11-2380-cv (L)
Stonington v. National Fire Insurance Company of Hartford

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                        *Circuit Judges.*

---

STONINGTON WATER STREET ASSOCIATES, LLC,

                        *Plaintiff-Appellant*,

              -v.-                                              11-2380-cv(L)
                                                                11-3687-cv(CON)

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
HODESS BUILDING CO, INC.,

                        *Defendants-Appellees*.

---

Appearing for Appellant:     Finley T. Harckham, Anderson Kill & Olick, P.C. (Lawrence J. Bartelemucci, *on the brief*), New York, N.Y.

Appearing for Appellee:      Jonathan C. Burwood, Hinshaw & Culbertson LLP (Bradford R. Carver, *on the brief*), Boston, Mass.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff Stonington Water Street Associates, LLC ("Stonington"), appeals from an order granting summary judgment to defendant National Fire Insurance Company of Hartford ("National Fire"), in this action arising from National Fire's alleged breach of a performance bond. On appeal, Stonington asserts that the district court erred in concluding that National Fire was not liable to Stonington under the performance bond because Stonington had not performed two conditions precedent. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment, "resolv[ing] all ambiguities and draw[ing] all factual inferences in favor of the party against whom summary judgment is sought." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003). Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor. The motion 'will not be defeated merely . . . on the basis of conjecture or surmise.'" *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (omission in original).

As this is a diversity case arising in the state of Connecticut, we apply Connecticut law. *See Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010). "[T]he liability of sureties is to be determined by the specified conditions of the bond." *Ames v. Comm'r of Motor Veh.*, 839 A.2d 1250, 1254 (Conn. 2004). "[I]f an express 'condition [in the contract] is not fulfilled, the right to enforce the contract does not come into existence.'" *Christophersen v. Blount*, 582 A.2d 460, 462 (Conn. 1990) (second alteration in original). "As to all conditions precedent the plaintiff sustains the burden of proof" as to whether he or she performed the condition. *Benanti v. Delaware Ins. Co.*, 84 A. 109, 110 (Conn. 1912).

Here, Paragraph 3 of the bond sets forth three express conditions that Stonington had to fulfill before National Fire's "obligation" under the bond would arise. The district court correctly held that National Fire had no duty to Stonington under the bond because Stonington failed to perform the conditions precedent set forth in Paragraphs 3.2 and 3.3 and we therefore affirm.

Stonington contends principally that the district court failed to consider the holding of the Supreme Court of Connecticut in *Aetna Casualty & Surety Co. v. Murphy*, 538 A.2d 219 (Conn. 1988), *as modified by Arrowood Indem. Co. v. King*, 39 A.3d 712, 724 (Conn. 2012), that an insurer's duties will *not* be discharged due to an insured's failure to comply with a notice of claim condition in an insurance contract unless (1) the insured's delay in notifying the insurer was unexcused and unreasonable, and (2) the insurer was materially prejudiced by the delay. *See Arrowood Indem. Co.*, 39 A.3d at 724.

Even assuming, arguendo, that the Supreme Court of Connecticut would apply *Murphy*'s prejudice analysis to a performance bond rather than strictly and literally construing the conditions precedent, National Fire would have no obligation under the bond. As to the construction contract's notice requirement, incorporated by reference in Paragraph 3.2 of the bond, the district court correctly determined that Stonington's delayed notice prejudiced

2

National Fire because Stonington's hiring of replacement workers during the period of delay deprived National Fire of its contractual right under Paragraph 4 of the bond to protect itself by participating in the selection of replacement workers. *See, e.g.*, *Enter. Capital, Inc. v. San-Gra Corp.*, 284 F. Supp. 2d 166, 177 (D. Mass. 2003); *Sch. Bd. v. TIG Premier Ins. Co.*, 110 F. Supp. 2d 1351, 1354 (N.D. Fla. 2000); *accord Elm Haven Constr. Ltd. P'ship v. Neri Constr. LLC*, 376 F.3d 96, 101 (2d Cir. 2004); *Seaboard Sur. Co. v. Town of Greenfield*, 370 F.3d 215, 220 (1st Cir. 2004); *Sleeper Village, LLC v. NGM Ins. Co.*, no. 09-cv-44-PB, 2010 WL 3860373, at *3-4 (D.N.H. Oct. 1, 2010). Stonington's counter-argument that it does not seek reimbursement for the cost of the replacement workers fails because it wrongly assumes that the only risk National Fire had an interest in mitigating under Paragraph 4 of the bond was the price of hiring replacement contractors; to the contrary, National Fire's mitigation options also entitled it to select contractors who would work on an accelerated schedule, would identify and repair any defective work done prior to the completion of the project at a lower cost than Stonington is now seeking to hold National Fire liable for, and would not cause any further damage that National Fire could be held liable for.

As to the condition set out in Paragraph 3.3 that Stonington "agree[] to pay" the contract balance, Stonington contends that its nonperformance was excused because there were no contract funds remaining. This contention, however, is unsupported by the record insofar as Stonington failed to demonstrate that it complied with the contract in disbursing the contract funds. Its prejudice argument fails because the Connecticut Supreme Court has never applied *Murphy* to a condition other than a notice condition. Moreover, Stonington incorrectly assumes that the bond allows separate consideration of prejudice as to each of Stonington's three categories of claims, such that National Fire was obliged to perform under the bond as to any claims for which Stonington's nonperformance did not prejudice National Fire. The plain language of the bond does not support this assertion, and Stonington points to no Connecticut case analyzing prejudice in this manner.

We have reviewed the remainder of plaintiff's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3